UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-80003-MIDDLEBROOKS/MATTHEWMAN

UNITED STATES OF AMERICA

vs.

RONALD ALAN FRANKEL
_____/

### FRANKEL'S MOTION IN LIMINE TO EXCLUDE IRRELEVANT, PREJUDICIAL HEARSAY EVIDENCE RELATED TO QUESTIONS OF "ANAL RAPE"

Ron Frankel is not charged with non-consensual rape. He is charged with transportation of a minor with intent to engage in sexual activity under 18 U.S.C. § 2423(a). The alleged crime is completed once the transportation occurs with the appropriate intent. The government has emphasized that it need not prove that any sexual activity even occurred. *See, e.g.,* Gov't 404(b) Notice, Doc. 37 at 10 ("It is not necessary for the government to prove anyone actually engaged in illegal sexual activity after being transported across state lines.").

Nevertheless, the government seeks to introduce internet search terms entered by the complaining witness questioning whether she was raped, as well as text messages with a friend raising the same issue. That evidence should be excluded under Federal Rules of Evidence 401, 403, and 802. Admission of rape-related search terms and texts would derail what should be a short, straightforward trial by forcing the parties to litigate a wholly collateral issue: whether the sexual encounter constituted rape. That uncharged and unnecessary dispute would dominate the

proceedings, confuse the jury, and transform a two-day trial into a lengthy and prejudicial sideshow divorced from the actual elements of the charged offense.

## ARGUMENT

The government seeks to introduce (1) internet search terms allegedly entered on the complaining witness's phone, including "i was anally raped" and "i was raped and can't tell anyone," and (2) text messages in which the complaining witness describes the encounter as anal rape to a friend. Mr. Frankel is not charged with rape or sexual battery. The sole charge is transportation of a minor with intent to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2423(a).

### A. References to "Anal Rape" Are Irrelevant to the Charged Offense

Because rape is not charged, evidence characterizing the encounter as "anal rape" does not make any fact of consequence more or less probable. Whether the complaining witness later searched for or described the encounter using the word "rape" has no bearing on the elements of § 2423(a). Evidence untethered to the elements of the charged offense is irrelevant and inadmissible under Rules 401 and 402. *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998).

### B. Rule 403 Requires Exclusion to Prevent an Inflammatory and Collateral Mini-Trial

References to "anal rape" must be excluded under Rule 403. Rape is an extraordinarily inflammatory allegation. Introducing that terminology would invite the jury to convict based on emotion or moral outrage over an uncharged offense, rather than on the elements of § 2423(a). The Committee Notes to Rule 403 explain, "'Unfair prejudice' within its context means any undue tendency to suggest decision

on an improper basis, commonly, though not necessarily, an emotional one." Advisory Committee's Notes on Fed. Rule Evid. 403, 27 U.S.C.App., p.860. The Eleventh Circuit has repeatedly emphasized that Rule 403 exists to prevent evidence that creates an undue risk of conviction on an improper emotional basis. *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010); *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002).

Allowing references to "anal rape" would also derail the trial into a wholly collateral dispute about whether the sexual encounter constituted rape under state law. That is not the charge in this case, and for good reason. The government's own allegations acknowledge that the complaining witness initially consented to anal sex and that Mr. Frankel stopped when she told him to stop. Litigating whether that encounter later became "rape" would require a mini-trial on consent, withdrawal of consent, credibility, and state-law sexual battery standards, none of which are elements of § 2423(a).

Rule 403 squarely prohibits evidence that would confuse the issues, mislead the jury, and waste time by forcing the parties to litigate emotionally charged side issues unrelated to the charged offense. *Alfaro-Moncada*, 607 F.3d at 734. The probative value of rape-related terminology is minimal at best, and it is substantially outweighed by the danger of unfair prejudice and jury confusion.

### C. Rape-Related Search Terms and Texts Are Inadmissible Hearsay

The rape-related search terms and text messages are also inadmissible hearsay. They are out-of-court statements offered to prove the truth of the matter

asserted, namely that the complaining witness was raped. Fed. R. Evid. 801(c), 802. No hearsay exception applies.

The state-of-mind exception under Rule 803(3) does not permit admission of these statements. Rule 803(3) expressly excludes statements of memory or belief offered to prove past events. Courts have consistently held that statements describing why a declarant feels a certain way, or recounting past conduct, fall outside the exception. *United States v. Cohen*, 631 F.2d 1223, 1225–26 (5th Cir. 1980); *United States v. Joe*, 8 F.3d 1488, 1493–94 (10th Cir. 1993). A statement such as "I was anally raped" is precisely the type of backward-looking narrative Rule 803(3) forbids.

The same analysis applies to the text messages. The complaining witness's texts recount alleged events after the fact and are classic hearsay. The friend's responses are also hearsay, and the friend is neither a percipient witness nor a listed trial witness. Allowing those statements would improperly place a non-testifying witness before the jury without oath or cross-examination, violating the Sixth Amendment's Confrontation Clause.

\* \* \*

Importantly, Mr. Frankel does not seek to exclude all search terms or all text messages wholesale. He seeks only to exclude references characterizing the encounter as "anal rape." Redacting those references avoids unfair prejudice while preserving any admissible evidence the government believes is relevant to the charged offense.

## Conclusion

For these reasons, the Court should exclude any evidence or argument referring to "anal rape," including:

1. The complaining witness's rape-related internet search terms; and

2. Portions of the text message exchange between the complaining witness and her friend that reference anal rape.

Such evidence is irrelevant, unfairly prejudicial, and inadmissible hearsay, and its exclusion is necessary to ensure the jury decides this case based solely on the charged offense and admissible evidence.

Respectfully submitted,

**MARKUS/MOSS PLLC**
40 N.W. Third Street, PH1
Miami, Florida 33128
Tel: (305) 379-6667
markuslaw.com

By:   /s/ David Oscar Markus
      David Oscar Markus
      Florida Bar Number 119318
      dmarkus@markuslaw.com

      /s/ Lauren Field Krasnoff
      Lauren Field Krasnoff
      Florida Bar Number 86951
      lkrasnoff@markuslaw.com

      /s/ Lauren Doyle Perez
      Lauren Doyle Perez
      Florida Bar Number 117687
      ldoyle@markuslaw.com