UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-CR-80003-MIDDLEBROOKS/MATTHEWMAN

UNITED STATES OF AMERICA

vs.

RONALD ALAN FRANKEL
_____/

**FRANKEL'S TRIAL BRIEF ON *MENS REA* REQUIREMENTS
OF 18 U.S.C. § 2423(A)**

**Introduction**

  This trial brief is submitted to urge the Court to interpret 18 U.S.C. § 2423(a) in accordance with fundamental *mens rea* principles and recent Supreme Court precedent. Section 2423(a) makes it a crime to "knowingly" transport a minor in interstate commerce with intent that the minor engage in unlawful sexual activity. The term "knowingly" in the statute applies to each essential element of the offense: (1) the act of transporting in interstate commerce, and (2) the fact that the individual transported is under 18, and (3) the illegal nature of the sexual activity that was intended. The pattern jury instructions already include a *mens rea* requirement for elements 1 and 3, but not for 2. This is not correct. In other words, the Government must prove the defendant knew the person's age, not merely that the defendant intentionally transported the person across state lines.

  This interpretation is compelled by the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which held that when Congress includes a scienter term like "knowingly" in a criminal statute, courts must apply it to each

element of the offense absent a clear indication otherwise. It is further supported by longstanding precedent requiring *mens rea* for elements that distinguish wrongful conduct from innocent conduct, including *Staples v. United States*, 511 U.S. 600 (1994), *Morissette v. United States*, 342 U.S. 246 (1952), and *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994). Applying these principles here, the Court should hold that § 2423(a) requires the defendant's knowledge of the minor's age. Such a construction gives effect to the statute's plain text and avoids the serious constitutional concerns that would arise from imposing severe penalties on a defendant who lacked knowledge of the key facts that make the conduct criminal.

Below, we first examine the text and grammar of § 2423(a) and the Supreme Court's presumption that *mens rea* terms modify every element of an offense. We then show that knowledge of the victim's age is a required element under this framework. Finally, we address the shortcomings of the Eleventh Circuit's current pattern jury instruction, which omits any requirement of knowledge as to age, and propose a revised instruction that correctly reflects the law.

**Statutory Text and the Presumption that "Knowingly" Modifies Each Element**

18 U.S.C. § 2423(a) provides in relevant part: "Whoever knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce … with intent that the individual engage in prostitution or in any sexual activity for which any person can be charged with a criminal offense, shall be [punished]." The statute thus sets forth three principal elements: (1) transporting an individual in interstate commerce, (2) the individual's being under 18 years of age,

and (3) the defendant's intent that the individual engage in illegal sexual activity. Critically, Congress prefaced this sequence of elements with the word "knowingly." Under the normal rules of English grammar and longstanding interpretive canons, an opening adverb like "knowingly" applies to all of the verbs and objects that follow in the sentence. Put simply, when a statute says "knowingly [does A] … [to person who is B] … [with intent to do C]," the adverb naturally modifies the entire action described — including any important characteristics of the object or circumstances. As the Supreme Court explained, "in ordinary English, where a transitive verb has an object, listeners in most contexts assume that an adverb (such as knowingly) that modifies the verb tells the listener how the subject performed the entire action, including the object as set forth in the sentence." *Flores-Figueroa v. United States*, 556 U.S. 646, 650 (2009). Thus, in § 2423(a), the most straightforward reading is that the defendant must know each fact that makes the conduct unlawful: that he is transporting a person, that the person is under 18, and that the purpose of the transport is illicit sexual activity.

**Supreme Court Precedent Favoring *Mens Rea* for Each Element**

This commonsense grammatical reading is reinforced by a robust presumption in federal criminal law that Congress intends to require a culpable mental state for each element of an offense. The Supreme Court in *Morissette* recognized that requiring *mens rea* for criminal offenses is the rule, not the exception, and that courts should not lightly assume Congress meant to dispense with *mens rea* for any element that criminalizes otherwise innocent or presumptively lawful conduct. In *Staples*, the

Court similarly held that absent a clear statement, a statute should be interpreted to include a scienter requirement for aspects of the offense that distinguish wrongful from innocent conduct, especially where a felony penalty is imposed. Even when a statute is silent on *mens rea*, the Court "has stated that offenses that require no *mens rea* are generally disfavored" and will imply a scienter requirement unless the text or legislative history clearly indicates otherwise (*Staples*, 511 U.S. at 606). And when a statute does contain an explicit scienter term, this presumption applies with even greater force: a general scienter provision should be read to modify all subsequently listed elements unless Congress plainly indicated a contrary purpose.

The Supreme Court's recent decision in *Rehaif v. United States* confirms and illustrates these principles. 139 S. Ct. 2191 (2019). There, the statute made it unlawful for certain persons (such as felons or aliens unlawfully in the country) to possess firearms, and another provision-imposed penalties on anyone who "knowingly violates" that law. The question was whether the word "knowingly" required the Government to prove the defendant knew of his prohibited status (in addition to knowing that he possessed a firearm). The Supreme Court held that it did. Emphasizing the normal presumption of scienter, the Court found no "convincing reason" to depart from applying "knowingly" to both the defendant's conduct (possession of a firearm) and his status (e.g., being an unlawful alien). *Id.* at 229. In direct terms, the Court stated: "We hold that the word 'knowingly' applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm

and that he knew he was [in the prohibited status]." *Id.* at 227. The parallels to § 2423(a) are striking. Here too, a scienter word ("knowingly") appears at the start of the offense description, and under *Rehaif* and the cases it builds upon, that term must be read to apply to each substantive element that follows. *See also Flores-Figueroa*, 556 U.S. at 652; *Ruan v. United States*, 597 U.S. 450, 458 (2022).

Notably, the Supreme Court has applied this exact approach in cases involving minors and sexual or obscene material. In *United States v. X-Citement Video, Inc.*, the statute criminalized "knowingly" transporting or shipping certain pornography "if such visual depiction involves the use of a minor" in sexually explicit conduct. *United States v. X-Citement Video, Inc.,* 513 U.S. 64, 68 (1994). The most "natural" grammatical reading might have been that "knowingly" only modified the act of transporting/shipping, not the age of the performers. *Id.* Yet the Supreme Court rejected that narrow reading and held that the statute "is properly read to include a scienter requirement for age of minority." *Id.* at 64. The Court reasoned that the "standard presumption in favor of scienter" applies to each element that criminalizes otherwise innocent conduct, and that "the minority status of the performers is the crucial element separating legal innocence from wrongful conduct" in that offense. *Id.* Accordingly, "knowingly" was held to modify the phrase "the use of a minor," ensuring that a defendant could not be convicted for unknowingly transporting or distributing materials involving minors. *Id.* In reaching this result, the Court stressed that it would not assume Congress intended the "anomalous result" of punishing a defendant who had "no idea" he was dealing with a minor. *Id.* at 69. Moreover, the

Court noted that where the text is fairly susceptible to a *mens rea* requirement, it should be "construed where fairly possible so as to avoid substantial constitutional questions" that might arise from a strict liability reading. *Id.*

These principles dictate the outcome here. Section 2423(a) includes the scienter term "knowingly" in the text of the offense itself, and under the normal grammar and Supreme Court precedent discussed above, that term must be applied to each of the offense's key elements. Unless the statute's context plainly indicates otherwise, the Court must presume Congress intended to require the defendant's knowledge as to the minor's age and the criminal nature of the intended sexual activity – not merely the physical act of transportation. We turn next to demonstrate that no contrary indication exists in § 2423(a) sufficient to overcome this strong presumption of scienter. On the contrary, applying "knowingly" to the age and illicit-sex elements is both logically and constitutionally compelled.

**"Knowingly" Applies to the Victim's Age (Element 2 of § 2423(a))**

The under-18 status of the person transported is plainly a material element of § 2423(a). It is the factor that triggers the statute's enhanced penalties (a 10-year mandatory minimum up to life, far more severe than the general prohibition on transporting adults for illicit purposes under 18 U.S.C. § 2421). The question is whether the defendant must be shown to have known this crucial fact. We submit that the answer is yes: the statute's text, structure, and the *Rehaif* line of cases all indicate that the defendant's knowledge of the victim's minority is required.

**Textual and Logical Reading of the Statute**

Grammatically, as discussed, "knowingly" is positioned at the start of § 2423(a) and by its ordinary reach modifies the verbs and objects that follow. When Congress wrote "knowingly transports an individual who has not attained the age of 18 years," the most natural understanding is that knowingly applies to the entire phrase "transports an individual who has not attained 18." In common usage, one would not say a person acted "knowingly" with respect to an attribute of the victim unless awareness of that attribute was present. To illustrate: if a law forbids "knowingly selling alcohol to a person under 21," any court would rightly require the seller's knowledge (or at least deliberate disregard) that the buyer was underage – even though the word "knowingly" directly precedes only "selling" in the statute. Here, the structure is similar. The defendant must knowingly transport a person under 18. It would be an unnatural construction to claim that "knowingly" stops short of the age qualification, such that a defendant who believed the individual was an adult (and thus engaged in no knowingly wrongful conduct with respect to age) could nevertheless be guilty of "knowingly" transporting a minor. In sum, the plain text is most coherently read to require knowledge that the victim is a minor.

Not only is this the better grammatical reading, it aligns with logic and legislative coherence. The statute's obvious purpose is to punish those who choose to exploit minors. If a defendant is truly unaware that the person he transported was under 18, then as a matter of logic he has not chosen to exploit a minor – he believed he was dealing with an adult. In such a scenario, the defendant may have intended

to engage in sexual conduct, but not with a child. Treating such an unaware defendant as indistinguishable from an intentional child predator would stretch the statute beyond "the evil Congress seeks to prevent." This is precisely why courts generally interpret *mens rea* words to cover circumstantial elements like age or status. As the Supreme Court observed, the presumption of scienter applies especially to elements that differentiate an innocent act from a wrongful one. *X-Citement Video* is directly on point: "the minority status of the [victim] is the crucial element separating legal innocence from wrongful conduct." While transporting an adult for illicit sex is itself unlawful under 18 U.S.C. § 2421, it is a different, lesser offense; transporting a minor is what triggers the ten-year minimum and the opprobrium of a child exploitation felony. The defendant's knowledge of that minor status is therefore critical to his culpability for the greater crime.

**Supreme Court Precedent –** *Rehaif's* **Application to Status Elements**

In *Rehaif*, the Supreme Court made clear that where a statute links a criminal act with a particular status or condition (in *Rehaif*, the defendant's own status as a prohibited person; here, the victim's status as a minor), the default rule is that the defendant's knowledge of that status is required for conviction. The Court in *Rehaif* expressly rejected the notion – advanced by the Eleventh Circuit – that a defendant may be held liable while ignorant of a key factual element, simply because many courts had historically not required such knowledge (the Eleventh Circuit had noted a "consensus" that in felon-in-possession cases, knowledge of felon status was not required). The Supreme Court reversed, emphasizing that a general scienter term

("knowingly violates") should be read to cover both the act and the status elements, unless Congress plainly carved the status out. The same reasoning applies here. Indeed, § 2423(a) presents an even stronger case for requiring knowledge of status: the scienter word "knowingly" is written into the very definition of the offense (not tucked away in a separate penalty provision as in *Rehaif*), and it appears immediately before the phrase "an individual who has not attained the age of 18 years." Congress could easily have phrased the statute to explicitly dispense with a knowledge requirement as to age – for example, by adding a clause that "it shall not be a defense that the defendant did not know the individual's age," as Congress has done in certain other statutes. But Congress chose no such language here. On the contrary, Congress chose to begin the provision with a *mens rea* requirement, signaling that all aspects of the prohibited conduct require a culpable mind.

The Supreme Court's decision in *Morissette* involved a somewhat analogous situation. The statute in *Morissette* penalized anyone who "steals or knowingly converts" government property. The defendant had taken spent government bomb casings, believing they were abandoned and hence not truly government property. The statute did not explicitly say whether the defendant must know the property belonged to the United States. The Supreme Court read in that requirement, holding that "knowingly converts" in context meant the defendant must know the facts that made his taking wrongful, i.e. that the property was owned by someone (the government) and not free for the taking. By the same token, a person "knowingly transporting" a minor must know the fact that makes the act a gravely wrongful

federal offense – namely, the person's age. Otherwise, the defendant's mental state is not in sync with the gravamen of the crime Congress defined.

**Avoiding Constitutional Problems – Protecting Due Process**

Interpreting § 2423(a) to require knowledge of age is not only the most faithful reading of text and precedent, it is necessary to avoid serious constitutional questions. Convicting a defendant of a felony with a 10-year mandatory minimum, branding him as a child sex trafficker, when he did not know the person's minority, raises fundamental fairness concerns. The Supreme Court has cautioned that criminal statutes should be construed, where possible, to avoid imposing punishment for innocent mistakes or lack of awareness. In *X-Citement Video*, the Court invoked constitutional avoidance to justify reading a knowledge-of-age requirement into a statute to prevent "sweep[ing] within the statute's ambit actors who had no idea" of the critical fact (minor age). The same caution applies here. While protecting minors is unquestionably a compelling interest, that objective "does not invariably warrant dispensing with *mens rea* requirements," especially where a law imposes severe penalties. The Court in *Staples* observed that imposing harsh felony punishment for conduct that the defendant may not realize is illegal or wrongful would offend the background principle that wrongful intent be a prerequisite to criminal liability. And in *Rehaif*, the Court underscored that dispensing with a knowledge requirement can criminalize "apparently innocent conduct" and thus must not be done unless Congress clearly intended it. Here, a defendant who genuinely believes the person he transports is an adult (when in fact she is 17) does not have the culpable intent to

violate child-exploitation laws – his mistake is one of fact, and without Congress clearly saying such a mistake is irrelevant, the rule of lenity and presumption of *mens rea* counsel in favor of requiring the government to prove knowledge of age. Indeed, to convict despite a reasonable lack of knowledge could run afoul of due process in extreme cases. The *Lambert v. California* line of cases (355 U.S. 225 (1957)) suggests that punishing a defendant who had no reasonable way of knowing a critical fact (or law) can violate due process. At a minimum, reading § 2423(a) to contain a *mens rea* element for age avoids any argument that the statute would impose strict criminal liability in a way that shocks the conscience or criminalizes fundamentally innocent behavior (e.g., transporting a willing traveling companion one believes to be of age).

In short, all interpretive roads lead to the conclusion that the Government must prove the defendant's knowledge (or at least actual belief or awareness) that the individual he transported had not reached 18 years of age. The Eleventh Circuit's prior pattern instruction, and older circuit precedents, to the effect that "knowledge of the victim's age is not a required element" cannot survive the reasoning of *Rehaif*. Those prior decisions were premised on an understanding that Congress intended to create a strict liability element to protect minors. But the consensus of lower courts, no matter how longstanding, yields to the Supreme Court's authoritative interpretation of how *mens rea* terms apply. In *Rehaif*, for example, every circuit had previously held that knowledge of felon status was not needed, and yet the Court swept aside that consensus in favor of the statute's text and the presumption of scienter. The same outcome is warranted here. The mere fact that Congress did not

amend § 2423(a) to add an explicit age-knowledge requirement (despite courts' earlier interpretation) does not give license to ignore the words Congress actually wrote. As the Supreme Court has noted, failed legislative proposals or congressional silence are "often questionable" indicators of intent, especially where the statute's language is clear. And whatever "policy" arguments might be made about protecting minors, it is ultimately for Congress to decide whether to create a narrow exception to the *mens rea* presumption

For all these reasons, § 2423(a) must be construed to include, as an element of the crime, the defendant's knowledge that the individual transported was under 18.

**The Eleventh Circuit's Pattern Jury Instruction Omitting Scienter for Age Is Unconstitutional Post-*Rehaif***

The current Eleventh Circuit Pattern Jury Instructions (Criminal) for § 2423(a) do not require the jury to find that the defendant knew the victim was a minor. In light of *Rehaif* and the analysis above, this pattern instruction is no longer a correct statement of the law, and its use would violate the defendant's constitutional rights.

First, delivering an instruction that relieves the Government of proving an essential element – here, the defendant's *mens rea* as to a material fact – violates the Fifth Amendment's Due Process Clause and the Sixth Amendment's jury trial guarantee. The Supreme Court has long held that a jury instruction which fails to require the government to prove every element of the charged offense beyond a reasonable doubt is error of constitutional dimension (*See Sandstrom v. Montana*, 442 U.S. 510 (1979); *United States v. Gaudin*, 515 U.S. 506 (1995)). After *Rehaif*, the

knowledge-of-status (or age) in statutes like this is an element, not merely an affirmative defense or irrelevant fact. In *Rehaif* itself, the trial court had instructed the jury that it "did not need to find" the defendant knew his immigration status; the Supreme Court held that was erroneous, vacated the conviction, and remanded. The situation here is parallel. A jury instruction modeled on the old pattern – telling jurors that the Government need not prove the defendant knew the victim's age – would be the functional equivalent of the unconstitutional instruction in *Rehaif's* case. It would direct the jury to convict even if it finds the defendant innocently mistaken about age, thereby removing from the jury's consideration a critical aspect of guilt or innocence. That undermines the requirement that the jury find *mens rea* for every element and lowers the prosecution's burden below the constitutional minimum.

Second, the Eleventh Circuit's pattern instruction, if applied, would create grave constitutional tension with the principles articulated in *Morissette* and *X-Citement Video*, which explain that punishing a defendant for an honest mistake about a fact that differentiates innocent from wrongful conduct approaches the limits of due process. In *X-Citement Video*, the Supreme Court actually noted that a statute "completely bereft of a scienter requirement as to the age of the performers" would pose substantial constitutional problems and thus invoked the avoidance doctrine. While that comment was made in the context of First Amendment concerns (child pornography bans potentially chilling protected speech if *mens rea* is not required), the broader principle applies: where severe penalties and social stigma are attached,

the Constitution demands a meaningful culpability requirement. Reading § 2423(a) to dispense with proof of the defendant's knowledge of age would effectively create a strict liability offense with a mandatory decade in prison for a first-time offender – a result courts have been extremely reluctant to countenance absent the clearest congressional mandate. There is no such clear mandate here; to the contrary, the text includes "knowingly."

Therefore, this Court should decline to follow the Eleventh Circuit pattern instruction and instead require the Government to prove – and the jury to find – that the defendant acted with knowledge that the person transported was under 18. The pattern instructions are not binding law; they are merely guidance, and when they conflict with Supreme Court precedent or the proper reading of the statute, a trial court has both the authority and the duty to deviate. Indeed, after *Rehaif*, pattern instructions nationwide were revised for 18 U.S.C. § 922(g) prosecutions to include the knowledge-of-status element, even though prior patterns had not. The same evolution must occur for § 2423(a). Until the Eleventh Circuit formally updates its pattern, it is incumbent on trial courts to ensure the jury is properly instructed consistent with current law, rather than blindly following an instruction that would sanction an unconstitutional easing of the burden of proof.

**Proposed Revised Jury Instruction**

To accurately reflect the law as we urge the Court to apply it, we have filed proposed jury instructions including the knowledge element.

Adopting such an instruction is essential to a fair trial and to upholding the law

as pronounced by the Supreme Court:

- Faithfulness to Statutory Text: The revised instruction gives effect to every word Congress chose in § 2423(a), especially the pivotal word "knowingly." It avoids rendering that word meaningless or giving it a cramped effect. By applying "knowingly" to each element, the instruction adheres to the statute's plain grammar and the principle that courts must enforce unambiguous text. As Justice Thomas observed, courts are "not at liberty to rewrite the statute to reflect a meaning we deem more desirable." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008); *see also Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 654–55 (2020) ("If judges could add to, remodel, update, or detract from old statutory terms inspired only by extratextual sources and our own imaginations, we would risk amending statutes outside the legislative process reserved for the people's representatives. And we would deny the people the right to continue relying on the original meaning of the law they have counted on to settle their rights and obligations."). Here, rewriting the statute to omit *mens rea* for age or illegality (as the old pattern effectively does) would flout this rule. Our instruction, by contrast, respects the text as written.

- Supreme Court Mandate (*Rehaif*): Implementing this instruction follows directly from *Rehaif's* mandate that scienter terms apply to status elements. The knowledge-of-minor-status in § 2423(a) is analogous to the knowledge-of-prohibited-status in *Rehaif*. A trial court in the Eleventh Circuit is bound by the Supreme Court's interpretation of federal statutes. Even if the Eleventh

Circuit has not yet revisited its prior precedents on § 2423(a) post-*Rehaif,* this Court can and should anticipate that those precedents have been undermined. *See Hutto v. Davis*, 454 U.S. 370, 375 (1982) ("[U]nless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be.").

- Consistency and Fairness: The revised instruction aligns the treatment of § 2423(a) with the general approach to *mens rea* in federal criminal law. It would be anomalous after *Rehaif* and *X-Citement Video* to continue instructing juries that a defendant's lack of knowledge about a critical element is irrelevant. The law should not place § 2423(a) in a special carve-out of strict liability felonies without clear congressional direction. By requiring the Government to prove what any ordinary juror would assume should be proved – that the defendant knew the victim was a minor and knowingly intended to violate the law – the instruction will make verdicts more intuitively just and defensible. Jurors are likely to struggle with the morality of convicting someone who genuinely did not know they were dealing with a minor; our instruction avoids inviting such morally troubling outcomes. It thereby bolsters the legitimacy of the proceedings and the eventual verdict.

- Avoiding Reversible Error: Using the pattern instruction as-is (no knowledge-of-age) invites appellate review. The error in the jury charge in *Rehaif's* trial led to the reversal of his conviction. If the evidence of the defendant's

knowledge of age and illicit intent is strong (as the Government argues it is), then the Government should have no objection to proving it to the jury's satisfaction. If the evidence on those points is weak or equivocal, that is all the more reason an instruction is needed – to ensure the jury considers whether the defendant actually had the requisite guilty mind. Either way, giving the proper instruction now will save substantial judicial resources and uphold the defendant's rights, whereas giving an incomplete instruction could necessitate a retrial or other corrective measures.

\* \* \*

In conclusion, the Court should rule that the term "knowingly" in § 2423(a) modifies each element of the offense, including the victim's age. This interpretation is supported by the statute's text, Supreme Court precedent, and fundamental tenets of American criminal jurisprudence. The Court should therefore instruct the jury consistent with this interpretation. The proposed instruction is an appropriate model. It will ensure the jury only convicts if the defendant truly had the culpable state of mind that Congress required – knowing he was transporting a minor and intending to engage in unlawful sexual conduct. Such a result both protects the vulnerable (by punishing those who intentionally prey on minors) and protects the innocent (by not ensnaring those who made no knowing choice to break the law). We respectfully ask the Court to adopt the *mens rea* requirements argued herein and to so instruct the

jury at trial.

                              Respectfully submitted,

                              MARKUS/MOSS PLLC
                              40 N.W. Third Street, PH1
                              Miami, Florida 33128
                              Tel: (305) 379-6667
                              markuslaw.com

                              By:    <u>/s/ David Oscar Markus</u>
                                      David Oscar Markus
                                      Florida Bar Number 119318
                                      dmarkus@markuslaw.com

                                      <u>/s/ Lauren Field Krasnoff</u>
                                      Lauren Field Krasnoff
                                      Florida Bar Number 86951
                                      lkrasnoff@markuslaw.com

                                      <u>/s/ Lauren Doyle Perez</u>
                                      Lauren Doyle Perez
                                      Florida Bar Number 117687
                                      ldoyle@markuslaw.com