UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-CR-80003-DMM

**UNITED STATES OF AMERICA**

vs.

**RONALD ALAN FRANKEL,**

    **Defendant.**

_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR ACQUITTAL

The government files this response in opposition to the defendant's renewed motion for acquittal.

The Court ruled against the defendant's motion for acquittal under Rule 29 in open court after each side rested its case (the defendant presented no case). As such, the Court has already ruled on this issue and should not reverse course. *See United States v. Solomon*, 513 F. App'x 895, 902 (11th Cir. 2013); *citing This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty., Ga.*, 439 F.3d 1275, 1283–84 (11th Cir.2006) ("When a court decides a question of law, the only means by which the law-of-the-case doctrine can be overcome is if: (1) since the prior decision, new and substantially different evidence is produced, or there has been a change in the controlling authority; or (2) the prior decision was clearly erroneous and would result in a manifest injustice."). The defendant makes the same arguments he made in open court, just in more detail. Nothing in his motion provides new evidence or a change in controlling authority that formed the basis of the Court's prior ruling on the defendant's Rule 29 motion. His renewed motion should be denied.

The defendant argues 1) that 18 U.S.C. § 2423(a) only criminalizes actual transportation

1

not causation of transportation; and 2) even if causation of travel is criminalized by the statute, the government failed to prove it because the legal definition of "cause" means "sole cause" or "independently sufficient cause."

The defendant's first argument, that 18 U.S.C. § 2423(a) only criminalizes actual transportation but not causation of transportation, is directly disproven by the Eleventh Circuit pattern jury instructions that were used in this case, which state: "To 'transport in interstate commerce' means to move or carry someone, **or cause someone to be moved or carried**, from one state to another."   11th Cir. Pattern Jury Instruction O93.1; Docket Entry 64 (Court's Instructions to the Jury) (emphasis added).   The defense agreed to these pattern jury instructions. *See* Docket Entry 55, joint notice of agreed proposed jury instructions.   As such, his argument fails.

The defendant's second argument is that the defendant did not sufficiently contribute to the cause of the victim's transportation in this case because the legal definition of "cause" means "sole cause" or "independently sufficient cause."

Black's law dictionary defines "cause" as "something that produces an effect or result." CAUSE, Black's Law Dictionary (12th ed. 2024).   This definition is totally different than the strict and narrow definition proposed by the defendant.   The defendant's definition of the word "cause" would render many statutes, criminal and civil, without force.   There is seemingly no factual scenario where a defendant could ever be convicted under 18 U.S.C. § 2423(a) if the definition of cause was "independently sufficient cause."   The defendant cites a Supreme Court case, *Burrage*, but completely misses its point.   The defendant falsely claims that: "The Supreme Court in *Burrage* rejected the government's attempt to substitute a "contributing cause" standard

2

for the demanding but-for inquiry [and the] Court held that a defendant cannot be held criminally liable unless his conduct was an independently sufficient cause — "the straw that broke the camel's back" — not merely one factor among many. 571 U.S. at 211." Defense motion page 6. That was **not** the holding in *Burrage*. The holding was **not** that criminal law forbids liability unless the conduct was an independently sufficient cause. The holding was **not** that causation means "the straw that broke the camel's back." These are substantial mischaracterizations of the *Burrage* case. The holding in that case was: "We hold that, at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." *Burrage v. United States*, 571 U.S. 204, 218–19 (2014). The full context of the "straw that broke the camel's back quote from that case is:

> Thus, "where A shoots B, who is hit and dies, we can say that A [actually] caused B's death, since but for A's conduct B would not have died." *LaFave* 467–468. The same conclusion follows if the predicate act combines with other factors to produce the result, so long as the other factors alone would not have done so— if, so to speak, it was the straw that broke the camel's back. Thus, if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived. See, *e.g., State v. Frazier,* 339 Mo. 966, 974–975, 98 S.W.2d 707, 712–713 (1936).

*Burrage v. United States*, 571 U.S. 204, 211 (2014).

In other words, a full reading of the *Burrage* case shows that the defendant's representation of its holding is completely inaccurate and that *Burrage* actually undermines the defendant's argument.

The defendant also cites *Paroline v. United States*, 572 U.S. 434 (2014). The issue in

3

*Paroline* was "whether § 2259 limits restitution to those losses proximately caused by the defendant's offense conduct." *Paroline v. United States*, 572 U.S. 434 (2014). The Court held that the proximate-cause requirement applies to all the losses described in the statute requiring an award of restitution for certain federal criminal offenses, including child pornography possession; and restitution is therefore proper under the statute only to the extent the defendant's offense proximately caused a victim's losses. *Id*. at 463. In denying the defendant Frankel's Rule 29 motion in open Court in this case, the Court cited to *Paroline*. *Paroline* discusses the meaning of the word "cause" in the context of the statute at issue in that case, and discussed the meaning of the word "cause" at length, saying, for example:

> Every event has many causes, however, *see ibid*., and only some of them are proximate, as the law uses that term. So to say that one event was a proximate cause of another means that it was not just any cause, but one with a sufficient connection to the result. The idea of proximate cause, as distinct from actual cause or cause in fact, defies easy summary. It is "a flexible concept," *Bridge v. Phoenix Bond & Indemnity Co*., 553 U.S. 639, 654, 128 S.Ct. 2131, 170 L.Ed.2d 1012 (2008), that generally "refers to the basic requirement that ... there must be 'some direct relation between the injury asserted and the injurious conduct alleged,' " *CSX Transp., Inc. v. McBride*, 564 U.S. ——, ——, 131 S.Ct. 2630, 2645, 180 L.Ed.2d 637 (2011) (ROBERTS, C.J., dissenting) (quoting *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258, 268, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992)). The concept of proximate causation is applicable in both criminal and tort law, and the analysis is parallel in many instances. 1 W. LaFave, Substantive Criminal Law § 6.4(c), p. 471 (2d ed. 2003) (hereinafter LaFave). Proximate cause is often explicated in terms of foreseeability or the scope of the risk created by the predicate conduct. See, e.g., ibid.; 1 Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 29, p. 493 (2005) (hereinafter Restatement). A requirement of proximate cause thus serves, inter alia, to preclude liability in situations where the causal link between conduct and result is so attenuated that the consequence is more aptly described as mere fortuity. *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 830, 838–839, 116 S.Ct. 1813, 135 L.Ed.2d 113 (1996).

*Paroline v. United States*, 572 U.S. 434, 444–45 (2014).

Much like the *Burrage* case above, a full reading of *Paroline* undermines the defendant's

4

argument.    In the case here against Defendant Frankel, both he and the victim caused the victim's transportation.    The defendant's acts of communicating his desire for sex, paying the victim for her flight, and luring her with promises of money for sex, among other things, are sufficient for a jury to find him guilty of causing her transportation.    His renewed motion for acquittal should be denied.

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY
By:/s/ Marton Gyires
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY
A#5501696
Email: marton.gyires@usdoj.gov
500 South Australian Avenue, Suite 400
West Palm Beach, FL 33401
Telephone: 561-209-1047

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will transmit notification to all parties of record.

/s/ Marton Gyires
MARTON GYIRES
ASSISTANT UNITED STATES ATTORNEY